[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11284
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00009-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YANCEY JACK GARRINGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 7, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Yancey Jack Garringer appeals his three convictions for filing false liens against law enforcement officials in violation of 18 U.S.C. § 1521. He argues that his filings were not false liens or encumbrances against the real or personal property of any federal employee, and the district court therefore erred in denying his motion for acquittal. After careful review of the record and briefs, we affirm.

We review the denial of a motion for judgment of acquittal based on sufficiency of the evidence de novo. *United States v. Pirela Pirela*, 809 F.3d 1195, 1198 (11th Cir. 2015). However, we will not reverse a conviction for insufficient evidence in a bench trial unless, taking the evidence in the light most favorable to the government, "no reasonable trier of fact could find guilt beyond a reasonable doubt." *United States v. Schaltenbrand*, 930 F.2d 1554, 1560 (11th Cir. 1991).

A violation of § 1521 occurs when (1) an individual files documents in a public record or a private record generally available to the public, (2) the filing contains "any false lien or encumbrance against the real or personal property of [a federal employee]," (3) the filing occurs on account of the federal employee's performance of his official duties, and (4) the individual filing knows or has reason to know that the lien or encumbrance is false or contains any materially false, fictitious, or fraudulent representations. 18 U.S.C. § 1521.

We have not yet interpreted § 1521. However, several of our sister circuits have reviewed convictions under the statute since its codification in 2008.

2

The Eighth Circuit upheld the § 1521 conviction of a federal inmate who claimed he was "not [a] United States citizen[] subject to the jurisdiction of the federal courts," and who filed a financing statement that listed a federal judge and a federal prosecutor as "debtors." *United States v. Reed*, 668 F.3d 978, 981–82 (8th Cir. 2012). The description of collateral in the lien document was "incoherent" and identified—in addition to a bond that the defendant claimed was meant to benefit the debtors—property such as $1 million in silver coinage. *Id.* at 983–84 & n.2. The court rejected the defendant's argument that, because his filing did not describe any actual property of the federal employees, he did not violate § 1521. *Id.* at 982–84. The court held that because a lien or encumbrance "by definition always concerns the property of the debtor," it was sufficient that the filing identified the "types of personal property against which valid liens can be filed" and described the federal employees as debtors. *Id.* at 984.

The Eighth Circuit reached this conclusion after looking to the purpose of the statute—it was "intended to penalize individuals who seek to intimidate and harass Federal judges and employees by filing false liens against their real and personal property." *Id.* at 981 (quoting H.R. Rep. No. 110-218, pt. 1, at 17 (2007)). With this background, the court looked at the filings from "the perspective of third parties searching [the] public record for claims that might lessen the debtors' interests in their properties," and determined whether the filings

3

were "likely to cause the financial harassment intended." *Id.* at 984.  The court held that filings that meet this test violate the statute regardless of their legal efficacy as liens, as "legal insufficiency is in the nature of the false, fictitious, and fraudulent liens and encumbrances that Congress intended to proscribe." *Id.* at 985.

The Fifth and Ninth Circuits, citing *Reed*, affirmed similar convictions under § 1521.  *See United States v. Jordan*, 851 F.3d 393 (5th Cir. 2017); *United States v. Neal*, 776 F.3d 645 (9th Cir. 2015).  Additionally, the Tenth Circuit rejected an argument that a defendant was entitled to a good faith jury instruction in a § 1521 trial, as a defendant "can be guilty even if he honestly believed that he filed a proper lien so long as the belief was not a reasonable one."  *United States v. Williamson*, 746 F.3d 987, 994 (10th Cir. 2014).

Here, reviewing the evidence in the light most favorable to the government, the district court did not err by finding that Garringer violated § 1521.  For each federal employee, Garringer's UCC-3 document lists his or her name, title, and "/DEBTOR."  We agree with the methods used by our sister circuits: Looking at these filings from the perspective of a third party prospective lender, the filings would serve as a cause for hesitation—or even refusal—to extend the federal employees credit.  *Cf. Reed*, 668 F.3d at 984–85.  This harassment is exactly what Congress intended to bar.  *See id.* at 981.  It is of no import that this notation appears in the incorrect box on the UCC form, rendering any purported lien

4

technically ineffective against the federal employees.  Such legal insufficiency is "in the nature of the false, fictitious, and fraudulent liens and encumbrances that Congress intended to proscribe."  *Id.* at 985; *see also Jordan*, 851 F.3d at 397; *Neal*, 776 F.3d at 653–54 ("[V]alidity is not a prerequisite for violation.").

Similarly, Garringer's incorrect understanding of the meaning of the word "DEBTOR" does not change our analysis.  His filings were likely to cause the financial harassment that the statute was designed to prohibit, as he wrote the word "DEBTOR" after each federal employee's name on a filed UCC form used for recording liens.  *See Neal*, 776 F.3d at 653; *see also Reed*, 668 F.3d at 984–85.  In the same vein, it does not matter that Garringer apparently intended to benefit, instead of harm, the federal employees.  The statute merely requires that Garringer knew or should have known that the liens were false.  *See Williamson*, 746 F.3d at 994.  Nor does it matter that the $600 million bond or other incoherently described collateral did not exist: To entertain such arguments would be to "read 'false' out of the statute."  *Jordan*, 851 F.3d at 397.

Thus, reviewing the evidence in the light most favorable to the government, it was reasonable for the court to determine that the filings, while false and likely ineffective, were encumbrances against the real or personal property of the federal employees, in violation of § 1521.

**AFFIRMED.**

5